# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-2345V

|  |  |
|---|---|
| OUAFAE SUBER,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: May 21, 2025 |

*Bruce William Slane*, Law Office of Bruce W. Slane, P.C., White Plains, NY, for Petitioner.

*Alexis B. Babcock*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

  On December 29, 2021, Ouafae Suber filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration in addition to other shoulder injuries, resulting from an influenza vaccine received on January 20, 2021. Petition, ECF No. 1. On August 12, 2024, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 48.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $43,649.32 (representing $39,630.55 in fees plus $4,018.77 in costs). Application for Fees and Costs ("Motion") filed February 6, 2025, ECF No. 53. Furthermore, Petitioner filed a signed statement representing that Petitioner incurred no personal out-of-pocket expenses. ECF No. 53-3.

Respondent reacted to the motion on February 7, 2025, reporting that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 54. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request. The rates requested for work performed through the end of 2024 are reasonable and consistent with our prior determinations, and will therefore be adopted. Petitioner has also requested the hourly rate of $455 for 2025 work performed by attorney Bruce Slane, representing a rate increase of $15 from the previous year. I find the proposed rate to be reasonable and adopt it herein.

However, a few of the tasks performed by Mr. Slane in this matter are more properly billed using a paralegal rate.[3] "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). Although these billing entries are reasonable, they must be charged at a reduced rate comparable to that of a paralegal. **Application of the foregoing reduces the amount of fees to be awarded by $2,453.40.**[4]

---

[3] Entries considered paralegal in nature include drafting and filing basic documents such as an exhibit list, PAR Questionnaire, notice of filing exhibit list, statement of completion, cover sheet, joint notices not to seek review, following up with medical records providers, drafting requests for medical records or correspondence to medical providers, bate stamping exhibits, and filing medical records and other exhibits. See billing entries dated: 7/27/21 (two entries); 7/27/21 (four entries); 7/28/21; 7/30/21 (two entries); 9/14/21; 9/20/21; 9/21/21; 9/30/21; 10/4/21; 10/18/21 (two entries); 10/21/21; 10/22/21; 10/27/21 (two entries); 11/2/21; 11/3/21; 11/4/21 (two entries); 11/5/21; 11/10/21; 11/22/21; 12/7/21; 12/8/21; 12/15/21 (four entries); 12/21/21; 12/22/21 (two entries); 12/29/21; 12/30/21 (two entries); 12/31/21; 7/20/22 (three entries); 8/2/2 (three entries); 8/9/22; 8/16/22; 5/21/24; 8/14/24; 8/16/24; 11/4/24. ECF No. 53-1.

[4] This amount consists of ($375 - $172 = $203 x 9.50 hrs.) + ($400 - $177 = $223 x 1.70 hrs.) + ($440 - $197 = $243 x 0.60 hrs.) = $2,453.40.

2

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 53-2. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. I award a total of **$41,195.92 (representing $37,177.15 in fees plus $4,018.77 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

                                                <u>s/Brian H. Corcoran</u>
                                                Brian H. Corcoran
                                                Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.